IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ENERVEST, LTD., ENERVEST INSTITUTIONAL GP. LTD., and ENERVEST OPERATING, LLC,<br><br>                Plaintiffs,<br>v.<br><br>SALLY JEWELL, in her official capacity as Secretary of the United States Department of the Interior, AHMEND MOHSEN, in his official capacity as Field Manager of Bureau of Land Management's Price Field Office, and BUREAU OF LAND MANAGEMENT,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR IMMEDIATE MANDAMUS RELIEF**<br><br><br>Case No. 2:16-cv-01256-DN<br><br>District Judge David Nuffer |

EnerVest, Ltd., EnerVest Institutional GP, Ltd., and EnerVest Operating, LLC (collectively "EnerVest") moves for immediate mandamus relief under 28 U.S.C. § 1361 and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706 ("Motion").[1] For the reasons below, the Motion is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

EnerVest is an oil and gas producer with federal oil and gas leasehold interests in Utah. In September 2016, EnerVest submitted ten Applications for Permit to Drill ("APDs") for wells on lands under the jurisdiction of the Bureau of Land Management ("BLM") Price Field Office. The Price Field Office was apparently ready to approve the ten APDs, but an unidentified BLM employee in the Washington, DC office directed an air quality specialist in the Utah State Office

---

[1] Motion for Immediate Mandamus Relief ("Motion"), docket no. 7, filed Dec. 14, 2016.

that no APDs were to be approved without new greenhouse gas analyses. EnerVest argues that BLM has disregarded its statutory obligations under the Mineral Leasing Act;[2] specifically, that the BLM has ignored applicable mandatory deadlines.[3] EnerVest argues that it has met all the air quality and other requirements for approval, and argues that BLM's continued refusal to approve the APDs has harmed EnerVest because "EnerVest's drilling operations are subject to a seasonal window that closes in April 2017."[4] EnerVest requests an order that would "require BLM to discharge the mandatory duties that Congress intended BLM to perform and order BLM to immediately process EnerVest's APDs in a manner consistent with controlling statutory law."[5]

Defendants Secretary of the Interior, Sally Jewell, Ahmed Mohsen, and the Bureau of Land Management (collectively "BLM") concede that the motion should be granted to the extent that it would require BLM to issue a decision within seven days from the date of any order on the Motion,[6] but BLM also argues that "this Court must deny Plaintiffs' request to compel BLM to issue the APDs because Congress has not authorized this Court to so order."[7] "BLM does not dispute that it received the 10 APDs at issue in September 2016."[8] "Likewise, BLM does not dispute that it failed to send a letter to Plaintiffs notifying them that their APDs were complete as required under 30 U.S.C. § 226(p)(1)."[9] "BLM stipulates . . . that the APDs were complete."[10]

---

[2] 30 U.S.C. §§ 181-287.

[3] Motion at 1-2.

[4] *Id.* at 2.

[5] *Id.* at 2-3.

[6] Response to Motion for Immediate Mandamus Relief ("Response") at 1-2, docket no. 18, filed Dec. 26, 2016.

[7] *Id.* at 1.

[8] *Id.* at 2.

[9] *Id.*

[10] *Id.*

EnerVest replies that any further review by the BLM is "irrational" because the ten APDs at issue were deemed complete as of October 20, 2016, and therefore, "BLM had a non-discretionary duty to issue the permits."[11] EnerVest also argues that the APDs are "categorically excluded" from further NEPA review.[12] EnerVest argues that BLM should be ordered to "immediately issue EnerVests's APDs" or, in the alternative, should have until "Tuesday, January 3, 2017 to either issue the permits or provide the Court with non-arbitrary reasons, supported by substantial evidence, as to why the categorical exclusion does not apply and why it needs more time to process the permits."[13]

## DISCUSSION

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[14] The Tenth Circuit has described mandamus relief as "an appropriate remedy to compel an administrative agency to act where it has failed to perform a nondiscretionary, ministerial duty," recognizing that "[a]dministrative agencies do not possess the discretion to avoid discharging the duties that Congress intended them to perform."[15] Mandamus relief under 28 U.S.C. § 1361 is appropriate when: (i) the plaintiff has a clear right to relief; (ii) the defendant has a clear duty to act; and (iii) no other adequate remedy exists.[16]

---

[11] Reply in Support of Motion for Immediate Mandamus Relief ("Reply") at 2, docket no. 19, filed Dec. 28, 2016.

[12] *Id.* at 3-4.

[13] *Id.* at 5.

[14] 28 U.S.C. § 1361.

[15] *Marathon Oil Co. v. Lujan*, 937 F.2d 498, 500 (10th Cir. 1991).

[16] *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005).

**EnerVest Has a Clear Right to Relief**

When an operator submits an APD, BLM must follow a two-step process set forth in 30 U.S.C. § 226(p):

    Step 1: Not later than ten days after BLM receives an APD, BLM "shall" either notify the applicant that the APD is complete or notify the applicant "that information is missing and specify any information that is required to be submitted for the application to be complete."[17]

    Step 2: Once an application is complete, BLM has thirty days to either "(A) issue the permit, if the requirements under the National Environmental Policy Act of 1969 [42 U.S.C. 4321 et seq.] and other applicable law have been completed within such timeframe; or (B) defer the decision on the permit and provide to the applicant a notice" explaining steps the applicant could take to earn approval and containing a list of actions the agency needs to take.[18]

It is undisputed that BLM received the 10 APDs at issue, and that it "failed to send a letter to Plaintiffs notifying them that their APDs were complete as required under 30 U.S.C. § 226(p)(1)."[19] It is also undisputed that "the APDs were complete."[20] The date the 10 APDs are considered complete is September 20, 2016, which is the latest date on which BLM acknowledged receipt of the APDs.[21] Therefore, BLM had thirty days from September 20, 2016 to either issue the permits "if" NEPA and other requirements were met or provide a notice to

---

[17] 30 U.S.C. § 226(p)(1)(A)-(B).

[18] 30 U.S.C. § 226(p)(2).

[19] Response at 2.

[20] *Id.*

[21] Motion at 7 ("On September 12, 2016, White-Abuhl confirmed receipt of the three APDs for the 11-30 well pad – the Peters Point UF 1-31D-12-17, the Peters Point UF 7-31D-12-17, and the Peters Point UF 8-31D-12-17 – via e-mail to EnerVest. . . . And on September 20, 2016, White-Abuhl confirmed receipt of the seven APDs for the 11-6 well pad via e-mail to EnerVest.") (undisputed by BLM).

EnerVest explaining the steps that still needed to be taken.[22] By October 20, 2016, BLM had done neither.

EnerVest has a clear right to relief because 30 U.S.C. § 226(p) requires BLM to take action within 30 days of APD completion, and BLM failed to do so.

Additionally, Enervest has a right to relief under the APA. The APA provides judicial review to persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of the relevant statute."[23] This includes "agency action unlawfully withheld or unreasonably delayed."[24] The APA "empowers a court to compel an agency only to perform a ministerial or non-discretionary act, or to take action upon a matter, without directing how it shall act."[25] Therefore, EnerVest has a clear right to relief under 30 U.S.C. § 226(p) and the APA. The question is the relief to which EnerVest is entitled.

### BLM Has a Duty to Act

As explained in the prior section, EnerVest is entitled to some form of relief based on BLM's failure to act. BLM certainly has a duty to act under 30 U.S.C. § 226(p) and the APA, but the question is what action BLM was required to take.

Under the plain language of 30 U.S.C. § 226(p)(2), once an APD is complete, BLM must, within 30 days, either:

> (A) issue the permit, if the requirements under the National Environmental Policy Act of 1969 [42 U.S.C. 4321 et seq.] and other applicable law have been completed within such timeframe; or
>
> (B) defer the decision on the permit and provide to the applicant a notice—

---

[22] 30 U.S.C. § 226(p)(2).

[23] 5 U.S.C. § 702.

[24] *Id.* § 706(1).

[25] *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (citation and quotation marks omitted).

>   (i)   that specifies any steps that the applicant could take for the permit to be issued; and
>
>   (ii)  a list of actions that need to be taken by the agency to complete compliance with applicable law together with timelines and deadlines for completing such actions.[26]

Thus, BLM must either issue the permit if NEPA and other requirements are met, or defer a decision and provide notice to the applicant stating the steps that still need to be taken for approval. BLM therefore has a duty to take some sort of action in response to a completed APD, but it has discretion as to what action it will take. EnerVest is incorrect that BLM has a "non-discretionary statutory duty to approve the APDs" after 30 days if it does not issue a notice.[27] The Interior Board of Land Appeals case EnerVest cites in its Motion confirms this:

> Brigham correctly states that compliance with the "non-discretionary" duty to act on an APD within 30 days of receipt of a complete APD was considered by Congress to be critical to ensuring a "greater degree of predictability" in APD processing, in order that the operator could appropriately plan its drilling activity, thereby, inter alia, satisfying contractual commitments to rig operators and others, preventing drainage from adjacent lands, and ensuring the viability of affected private and Federal leases. NA/Petition at 2, 3, 10-11. *However, nowhere in section 366 of the Energy Policy Act, Onshore Order No. 1, or other statutory, regulatory, or BLM policy pronouncement is there any provision stating that BLM's failure to act within the statutory time limits results in approval of the APD.*
>
> An operator is required to have an approved APD before drilling any well on Federally-leased land. The applicable regulation, 43 C.F.R. § 3162.3-1(c), states, in full: "The operator shall submit to the authorized [BLM] officer for approval an Application for Permit to Drill for each well. *No drilling operations, nor surface disturbance preliminary thereto, may be commenced prior to the authorized officer's approval of the permit.*"[28]

---

[26] 30 U.S.C. § 226(p)(2).

[27] Reply at 4.

[28] *Brigham Oil & Gas, LP*, 181 IBLA 282, 287 (2011) (first emphasis added, second emphasis in original); *see also Pennaco Energy, Inc. v. U.S. Dep't of Interior*, 377 F.3d 1147, 1151-52 (10th Cir. 2004) ("The lessee must obtain BLM approval of an [APD] before commencing any 'drilling operations' or 'surface disturbance preliminary thereto.'").

Thus, even if EnerVest is correct that a categorical exclusion applies (or that all NEPA and other requirements have been met) EnerVest must still obtain BLM approval before it can commence drilling operations. Here, it is significant that as of the date of EnerVest's Reply, BLM has approved three of the ten APDs based on a categorical exclusion,[29] and it also appears that air quality issues have been addressed "in precisely the manner the Council on Environmental Quality ('CEQ') recommends in guidance CEQ issued in August 2016."[30] Therefore, there appears to be no reason to "defer the decision on the permit and provide to the applicant a notice" regarding additional steps to be taken.[31] But under the statute, BLM has the discretion to decide how to act, although it may not act arbitrarily or without substantial evidence.[32] Because BLM action is required, and because such action is long overdue, BLM will be required to take its action immediately.

## No Other Adequate Remedy is Available to EnerVest

As EnerVest points out, it must obtain a decision from BLM before it may move forward with operations.[33] EnerVest alleges significant harm in BLM's delay in taking action.[34] The only remedy available to EnerVest is to ask this court to compel BLM to take action.[35] BLM argues that EnerVest's "only available relief is under the [APA],"[36] but also recognizes that a

---

[29] Reply at 4 (citing Decl. of Ahmed Mohsen at ¶ 5, Ex. 1 to Response, docket no. 18-1, filed Dec. 26, 2016 and Decl. of George Bradley at ¶ 15, Ex. A to Reply, docket no. 19-1, filed Dec. 28, 2016).

[30] Motion at 2; *see also* Reply at 4-5 (citing Decl. of Joshua Hirschi at ¶¶ 11-27, Ex. B to Reply, docket no. 19-2, filed Dec. 28, 2016).

[31] 30 U.S.C. § 226(p)(2).

[32] *Pennaco*, 377 F.3d at 1156.

[33] Motion at 18-19 (citing *Brigham Oil & Gas*, 181 IBLA 282, 288 (2011)).

[34] Motion at 19-21.

[35] *Id.* at 21.

[36] Response at 2-3.

mandatory injunction under the APA "is essentially in the nature of mandamus relief."[37] Thus, regardless of whether the relief is in the form of a mandatory injunction under the APA or a writ of mandamus, both parties agree that EnerVest has no adequate remedy other than asking this court to compel BLM to take action.

## CONCLUSION

30 U.S.C. § 226(p)(2) requires BLM, within 30 days of receipt of a completed APD, to either issue a permit or issue a notice to the applicant stating why the decision is being deferred. As of the date of this order, BLM has acknowledged receipt of ten completed APDs from EnerVest in September 2016, but has failed to take either issue a permit or give a notice of deferral to Enervest on seven of those ten APDs. Therefore, because the APA "empowers a court to compel an agency . . . to take action upon a matter, without directing how it shall act[,]"[38] and because Enervest has established the elements for mandamus relief, BLM will be ordered to take action on this matter immediately. BLM will not be ordered to take a specific action, but will be compelled to act no later than January 3, 2017.[39] There appears to be no reason to "defer the decision on the permit and provide to the applicant a notice" regarding additional steps to be taken.[40] But under the statute, BLM has the discretion to decide how to act so long as the action is not arbitrary and is supported by substantial evidence.[41]

---

[37] *Id.* at 3 (citing *Mount Emmons Mineral Co. v. Babbitt*, 117 F.3d 1167, 1170 (10th Cir. 1997)).

[38] *Norton*, 542 U.S. at 64 (citation and quotation marks omitted).

[39] *See id.* at 65 ("[W]hen an agency is compelled by law to act within a certain time period, but the manner of its action is left to the agency's discretion, a court can compel the agency to act, but has no power to specify what the action must be.").

[40] 30 U.S.C. § 226(p)(2).

[41] *Pennaco*, 377 F.3d at 1156.

**ORDER**

IT IS HEREBY ORDERED that the Motion[42] is GRANTED IN PART AND DENIED IN PART. On or before Tuesday, January 3, 2017, BLM must either issue the remaining permits or provide non-arbitrary reasons, supported by substantial evidence,[43] as to why it needs more time to process the permits.

Dated December 30, 2016.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[42] Motion for Immediate Mandamus Relief ("Motion"), docket no. 7, filed Dec. 14, 2016.

[43] *Pennaco*, 377 F.3d at 1156.